

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00172-CR

Servando **CERVANTES, JR**.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR010311
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Irene Rios, Justice
             Velia J. Meza, Justice

Delivered and Filed: October 1, 2025

APPEAL DISMISSED

On March 14, 2025, appellant, Servando Cervantes, Jr., filed a notice of appeal. When the

clerk's record was filed on April 14, 2025, it contained a trial court's certification stating that this

"is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

The clerk's record also contained the written plea bargain, established that the punishment assessed

by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by

the defendant, and supported the trial court's certification that the underlying case is a plea-bargain case. *See id.* R. 25.2(a)(2), 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* R. 25.2(a). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

On April 15, 2025, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record by May 16, 2025. *See id.* R. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) *and Daniels v. State,* 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). On May 16, 2025, appellant's appointed appellate counsel filed a written response, stating he has reviewed the record and concedes this cause must be dismissed because this is a plea bargain case and appellant does not have a right to appeal. We therefore dismiss this appeal. *See* Tex. R. App. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH